IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ARTHENIA JOYNER et al.,

    *Plaintiffs*,

v.                                                         Case No. 17-cv-22568-MGC

PRESIDENTIAL ADVISORY COMMISSION
ON ELECTION INTEGRITY, et al.,

    *Defendants*.

_____/

## FLORIDA SECRETARY OF STATE'S MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF LAW

This case involves a request for the Florida Secretary of State ("the Secretary") to provide public record information. As framed by the Complaint, Plaintiffs appear to agree with the Secretary's interpretation of Florida law and support the actions taken by the Secretary. Accordingly, the Secretary pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), hereby moves to dismiss the complaint for either of two reasons: first, this Court lacks subject matter jurisdiction over Plaintiffs' claims against the Secretary; second, even if this Court has jurisdiction, the Complaint fails to state a cause of action.

1

## I. STATEMENT OF FACTS

**A. A review of Plaintiffs' Complaint demonstrates no federal question as to the Secretary.**

1. <u>Preliminary Statement</u>

In the Preliminary Statement of Plaintiffs' complaint, it is alleged that this action is "brought on behalf of Florida voters" to "challenge[] the legality of the actions of the Presidential Advisory Commission on Election Integrity (the Commission) and the legality of its directive requesting voter registration information of state-registered voters in Florida and throughout the United States." DE 1 at 2. Nowhere in the Preliminary Statement is the Secretary mentioned or the public records laws of the state of Florida challenged.

2. <u>Jurisdiction, Standing, and Venue</u>

In the Jurisdiction, Standing, and Venue section of Plaintiffs' complaint, Plaintiffs appear to allege this Court has jurisdiction over the Defendants based on this Court's general federal question jurisdiction and specific jurisdiction under the Administrative Procedures Act. DE 1 at 3-5. While Plaintiffs cite several other federal statutes and cases, Plaintiffs only allege that this Court has jurisdiction over those claims -- not that those statutes confer jurisdiction on this Court. Similarly, as more fully set out below, Plaintiffs do not allege that the Secretary has violated any federal statute or that the federal statutes cited even apply to the Secretary.

3. Facts

The Facts section of Plaintiffs' complaint runs for seventeen (17) pages and is comprised of forty-three (43) separate paragraphs. DE 1 at 13 – 30. The Secretary is only mentioned twice. The first mention of the Secretary is in paragraph 43 (where it is correctly alleged that one of the Commission's request letters was sent to the Secretary). DE 1 at 19, ¶ 43. The Secretary is mentioned again in paragraph 61 where it is alleged that the Secretary announced that Florida "will comply with the request by producing only publicly available information." DE 1 at 25 – 26, ¶ 61. Although Plaintiffs profess some confusion as to what information the Secretary agreed to provide to the Commission, they attach the Secretary's July 6, 2017, letter to the Commission as Exhibit H to the complaint. In that letter, the Secretary makes clear that he would "continue following Florida's Public Records Law by providing the requested information to you that is *publicly available*." DE 1, Exh. H (emphasis supplied). Further, in the same letter the Secretary emphasized that he "[could not] fully comply with [the Commission's] entire request." *Id*. He then clarified, stating:

> Driver's license information and social security numbers are not, and cannot be provided under section 97.0585, Florida Statutes. We will also not release any information that is exempt or confidential under Florida law, including certain information regarding law enforcement officers, judges, prosecutors, and victims of stalking and domestic violence. Additionally, Florida's

3

>  public record voter database does not capture information on
>  felonies.

*Id*. Although the Facts section of the Complaint does set forth certain Florida public records laws, the Plaintiffs do not challenge any of them, nor do they allege that the Secretary has violated them. DE 1 at 18 – 20, 25 – 26, ¶¶ 41 – 47, 61.

### 4. Cause of Action Pled Against the Secretary

Plaintiffs set forth their causes of action against the Defendants in five separate counts. DE 1 at 31 – 61. The only cause of action that includes the Secretary is Count V (titled Violation of Florida Statute § 97.0585: Information Regarding Voters and Voter Registration Confidentiality). DE 1 at 58. Count V makes no mention of federal law, rule or statute. Instead, it focuses exclusively on Florida law, starting with the right to privacy (Art. I, § 23, Florida Constitution). DE 1 at 58, ¶ 144. Plaintiffs then quote section 97.0585, Florida Statutes, in its entirety, which lists voter information that is confidential and exempt from Florida's public records laws. DE 1 at 58 – 59, ¶ 145. After quoting Florida law describing the voter information that is exempt from disclosure, Plaintiffs refer to the July 6, 2017, letter written by the Secretary to the Commission, emphasizing that the Secretary stated in the letter that "he will comply with the restrictions set forth in § 97.0585 …." DE 1 at 59 – 60, ¶ 148.

Inexplicably, after demonstrating that the Secretary and Plaintiffs appear

4

to agree on Florida's public records laws and the exemptions that apply, Plaintiffs then ask the Court for "an injunction [against the Secretary] pursuant to § 97.0585 to preclude disclosure of the social security numbers and Driver's License numbers of Florida voters." Plaintiffs never explain why an injunction against the Secretary is necessary when the Secretary has stated unequivocally that he has, and will, comply with the law in all respects. *Id.* At no point in Count V is federal law, or the violation of same, discussed or even mentioned.

**B.     The Procedural Posture of the Case Reveals that Plaintiffs have no valid Cause of Action against the Secretary.**

Plaintiffs filed their Complaint on July 10, 2017. Plaintiffs' Motion for Temporary Restraining Order and Request for Expedited Treatment was filed on July 13, 2017. The Secretary was served with the Complaint on July 17, 2017. That same day, this Court filed an Endorsed Order setting a Status Conference for July 18, 2017, at 1:30 P.M. DE 19. During the July 18, 2017, Status Conference, the United States District Court for the District of Columbia issued its July 18, 2017, Memorandum Opinion in *Lawyers' Committee for Civil Rights Under Law v. Presidential Advisory Commission on Election Integrity*, Case No. 17-1354-CKK (D.D.C. July 18, 2017) (DE 17), denying a temporary restraining order against the Commission pursuant to claims made in that case under the Federal Advisory Committee Act. DE 31 at 2 – 3, ¶ 4.

5

Further, this Court recognized that the District of Columbia District Court in a similar case, *Electronic Privacy Information Center v. Presidential Advisory Commission on Election Integrity*, Case No. 17-1320-CKK (D.D.C. 2017) (the EPIC Case) was also poised to enter a ruling on a pending motion for temporary restraining order as to the Commission's request for state voter information. As a result, the Commission had requested that the states, including Florida, not submit any data to the Commission until the Court in the EPIC Case issued its ruling on the matter. DE 31 at 2.

In the Order that resulted from the Status Conference, this Court found that the Secretary, in his July 6, 2017, letter to the Commission, "appropriately acknowledge[d] Florida Privacy laws. The Florida Secretary of State, before this litigation commenced, set out Florida's intention to comply with these laws as they relate to the dissemination of information to the Commission." DE 31 at 2. This Court then confirmed that "[i]n accordance with the Florida Secretary of State's July 6, 2017, letter, the Secretary will limit Florida's response to the Commission to the information allowed by Florida law." DE 31 at 2, ¶ 1. Further, this Court stated that once the Court in the EPIC Case issued its ruling (on the motion for temporary restraining order as to the Commission's request for state voter information), the Secretary would remain "bound by his earlier [July 6, 2017] letter" and "will continue to comport with all protections

governed by Florida law." DE 31 at 2, ¶ 3. The Court in the EPIC Case issued its ruling as to the motion for temporary restraining order, denying the same without prejudice, on July 24, 2017. Memorandum Opinion in *Electronic Privacy Information Center v. Presidential Advisory Commission on Election Integrity*, Case No. 17-1320-CKK (D.D.C. July 24, 2017) (DE 40). Among other things, the Court in EPIC found that "the mere increased risk of disclosure of already publicly available voter roll information is insufficient to confer standing upon [Plaintiffs]." *Id.* at 15.

In response to the order in EPIC, the Commission sent the states, including the Secretary, a letter dated July 26, 2017, informing the Secretary of the EPIC Court's decision, and reiterating that the request for voter information was limited to "information that is already available to the public under the laws of [Florida], which is information that [s]tates regularly provide to political candidates, journalists, and other interested members of the public." The Commission's July 26, 2017, letter is attached as Exhibit A.

On July 28, 2017, in accordance with the Secretary's letter of July 6, 2017, the Florida Department of State fulfilled the public records request received from the Commission, providing only the requested records that are available to the public under the laws of Florida. The Commission has provided no further request and the Florida Department of State considers the request to

7

have been fulfilled and the matter to be closed.

## II. MEMORANDUM OF LAW

### A. This Court lacks subject matter jurisdiction over Plaintiffs' claims against the Secretary.

Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: "facial attacks," which require a court to evaluate a pleading and determine if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction and "factual attacks," which challenge the "existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings...are considered." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-1529 (11th Cir. 1990). When looking at evidence outside the pleadings for the purposes of determining subject matter jurisdiction, courts may consider the complaint supplemented by undisputed facts evidenced in the record or the complaint supplemented by undisputed facts plus the court's resolution of undisputed facts. *McElmurray v. Consolidated Gov't of Augusta-Richmond County*, 501 F.3d 1244, 1251 (11th Cir. 2007). This Court has an affirmative duty to determine if jurisdiction is proper, and if jurisdiction is absent, this Court must not proceed on the merits of this case. *Lamb v. Charlotte County*, 429 F. Supp. 2d 1302, 1306 (M.D. Fla. 2006).

1. <u>This Court lacks subject matter jurisdiction because there was never an actual dispute between Plaintiffs and the Secretary, but if there was, Plaintiffs' claims are moot.</u>

"[F]ederal courts are confined by Article III of the Constitution to adjudicating only actual 'cases' and 'controversies.'" *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999) *quoting Allen v. Wright*, 468 U.S. 737, 750 (1984); *Seay Outdoor Advert., Inc. v. City of Mary Esther, Fla.,* 397 F.3d 943, 946 (11th Cir. 2005) ("The Article III requirement of a case or controversy is a fundamental aspect of our jurisdiction."). A party seeking relief must show, at an "irreducible minimum," that at the time the complaint was filed, there was actual or threatened injury resulting from the defendant's conduct, that the injury fairly can be traced to the challenged action, and that the injury is likely to be redressed by favorable court disposition. *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995). If the complaining party is alleging the *threat of a future injury,* "[t]here must be a substantial likelihood that the plaintiff will suffer [such] future injury: a 'perhaps' or 'maybe' chance is not enough." *Mallowney*, 193 F.3d at 1342, 1347 (11th Cir. 1999) (emphasis added). "Even a "well-founded" concern is not sufficient to create a justiciable controversy. *Atlanta Gas Light Co.*, 68 F.3d at 415.

Moreover, for the Court to retain jurisdiction, there must be a *"substantial continuing controversy"* throughout pendency of the litigation. *Mallowney*, 193

F.3d at 1347. Otherwise, the case becomes moot, thus divesting the Court of jurisdiction. *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335–36 (11th Cir. 2001) ("If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed."). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.*

In disputes regarding governmental actions, Courts have routinely found that no controversy exists, and jurisdiction is lacking, when a governmental entity provides assurances that challenged conduct will not occur. *See, e.g.*, *Troiano v. Supervisor of Elections in Palm Beach County, Fla.*, 382 F.3d 1276, 1283 (11th Cir. 2004) (action was rendered "moot" by county's subsequent voluntary installation of audio devices in all voting precincts, and supervisor's decision to make such devices available in all future elections at all precincts); *Jews for Jesus, Inc. v. Hillsborough County Aviation Auth.*, 162 F.3d 627 (11th Cir. 1998) (holding that where the defendant stopped prohibiting the distribution of literature at the airport after suit was filed, the complaint for declaratory and injunctive relief should be dismissed for mootness). In fact, courts are entitled to presume, and accept representations, that state authorities will act in accordance with the law. *See Troiano,* 382 F.3d at 1283; *Lovell v. Brennan*, 728 F.2d 560, 563, 564 (1st Cir. 1984). A justiciable controversy also fails to exist, whereas here, the parties

10

appear to agree on the proper application of the law. *See, e.g., Washington Legal Foundation v. Henney*, 202 F.3d 331, 336-337 (D.C. Cir. 2000) ("the agreement of the parties on appeal as to the limited effect and consequent validity of the act and guidance documents meant that "there is no constitutional controversy between the parties that remains to be resolved.").

Plaintiffs here fail to allege any actual dispute or controversy between themselves and the Secretary. First, Plaintiffs appear to agree with the Secretary's interpretation of Florida law. Plaintiffs' complaint accurately cites to the Florida Constitution, Florida election laws, and Florida public records laws. DE 1 at 58 – 65. The Complaint also highlights communication from the Secretary to the Commission where the Secretary refuses to provide private and protected voter information. DE 1 at 25 – 26, ¶ 61 and 59 – 60, ¶ 148. The Secretary specifically cited to the very law Plaintiffs reference in their complaint, accurately informing the Commission of Florida's public records laws and reinforcing that he will only provide the Commission with voter information that is publicly available. DE 1, Exhibit H.

As a result, assuming *arguendo* there was ever a dispute between Plaintiffs and the Secretary, that dispute is now undoubtedly moot. The Secretary, in compliance with this Court's Order of July 20, 2017, the July 24, 2017 order in the EPIC Case, and Florida law, has provided the Commission with certain public

records responsive to the Commission's public records request.   There have been no new requests from the Commission and the Department of State considers the request to be fulfilled and the matter to be closed.  Moreover, Plaintiffs' themselves have cited to correspondence from the Secretary to the Commission clearly indicating he is fully aware of the laws at issue, even to the extent of informing the Commission that, pursuant to section 97.0585, Florida Statutes, the Florida Department of State cannot fully comply with the Commission's request. DE 1, Exhibit H.

In sum, the Secretary has never acted, nor threatened to act, in a manner inconsistent with Florida law.  Plaintiffs appear to agree with the Secretary's interpretation of Florida law and appear to support the Secretary's completed actions.  To the extent Plaintiffs have any question regarding future action the Secretary may take, those questions are purely academic and are insufficient to confer jurisdiction on this Court.  The Complaint should be dismissed.

2. This Court lacks jurisdiction because Plaintiff's Complaint fails to plead a federal question sufficient to invoke the Court's jurisdiction as to the Secretary and provides no other basis for jurisdiction.

Plaintiffs appear to allege that this Court has jurisdiction of the claims raised under (1) its general federal question and (2) specific jurisdiction over claims arising under the Administrative Procedure Act.  DE 1 at 2 – 3, ¶ 2.  However,

neither of these jurisdictional allegations apply to Plaintiffs' claims against the Secretary.

The "well-pleaded complaint rule" requires that a bona fide federal question must appear on the face of the plaintiff's complaint in order to invoke the court's jurisdiction under 28 U.S.C. § 1331. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 106 S. Ct. 3229, 3232 (1986). In the absence of a federal question, a court must dismiss the complaint for lack of jurisdiction. *See Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Florida*, 999 F.2d 503, 507 (11th Cir. 1993) (where the plaintiff had "presented no federal question," the "district court did not have subject matter jurisdiction"). The party seeking federal jurisdiction has the burden of proving that subject matter jurisdiction exists. 28 U.S.C. § 1446; *Williams v. Best Buy Co.*, 269 F. 3d 1316, 131.9 (11th Cir. 2001).

The only count in Plaintiffs' Complaint that includes the Secretary is Count V. While Plaintiffs' Complaint is replete with citations to federal statutes, none of the provisions are cited in Count V. In fact, the only laws discussed in Count V are laws of the state of Florida. There is no mention of federal law, cases, or statutes—let alone a discussion as to how the Secretary may be in violation of any federal law. Therefore, Plaintiffs' Complaint asserts no federal question to be resolved between the Plaintiffs and the Secretary, mandating dismissal of the complaint for lack of jurisdiction. See 28 U.S.C. § 1331.

Similarly, the Administrative Procedure Act ("APA") does not provide this Court jurisdiction over the "dispute" between Plaintiffs and the Secretary. Because the APA is a federal statute primarily concerned with federal agencies, "the APA does not apply to state agencies," except in limited circumstances. *Citizens for Smart Growth v. Sec'y of the Dep't of Transp.*, 669 F.3d 1203, 1210 (11th Cir. 2012). Those very limited circumstances are not present here, and Plaintiffs' Complaint should be dismissed.

3. <u>Plaintiffs Lack Standing because their claims lack redressability.</u>

The Supreme Court has explained that the "irreducible constitutional minimum" of standing under Article III consists of three elements: an actual or imminent injury, causation, and redressability. *Hollywood Mobile Estates Ltd. v. Seminole Tribe of Florida*, 641 F.3d 1259, 1265 (11th Cir. 2011) (internal citations omitted). "The party invoking federal jurisdiction bears the burden of proving standing." *Id.*

The element of redressability requires that "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* Thus, a plaintiff must demonstrate that a favorable decision would amount to a significant increase in the likelihood that the plaintiff would obtain relief that directly redresses the injury suffered. *Id.* at 1020. If a plaintiff is unable to show a likelihood that a Court can grant relief that will redress the alleged injury, the

Court must dismiss the complaint for lack of subject matter jurisdiction. *Id.*; *Stalley v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction.") (internal quotations omitted). Where a dispute has become moot, a plaintiff cannot establish redressability. *See, e.g., Florida Wildlife Fed'n, Inc. v. S. Florida Water Mgmt. Dist.*, 647 F.3d 1296, 1304 (11th Cir. 2011).

Here, Plaintiffs fail to demonstrate that the Court can redress their alleged injury against the Secretary. There is no law prohibiting the Secretary from doing exactly what he did. This Court's limited jurisdiction does not include the discretion to encourage ongoing compliance with state laws. And to the extent Plaintiffs seek to enjoin the Secretary from releasing any information, there is no relief the Court could order because an injunction cannot be used to undo a past action. *See Strickland v. Alexander*, 772 F.3d 876, 883 (11th Cir. 2014) ("[I]njunctions regulate future conduct only; they do not provide relief for past injuries already incurred and over with.").

For each of the foregoing reasons, the Court lacks subject matter jurisdiction and should dismiss the Secretary from this action. *See* Fed. R. Civ. P. 12(b)(1).

### B. Plaintiffs Have Failed to State a Claim upon which Relief can be Granted.

Finally, the Court should dismiss this matter because Plaintiffs have failed to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The federal statutes listed by Plaintiffs include: 5 U.S.C. §§ 702 and 704 (the Administrative Procedure Act); 5 U.S.C. app. 2 (the Federal Advisory Committee Act); and 44 U.S.C. § 3512(b) (the Paperwork Reduction Act). None of the above statutes are mentioned in Count V, the only count that includes the Secretary among the federal defendants. For instance, Plaintiffs cite to the Federal Advisory Committee Act ("FACA") in Count I and the Paperwork Reduction Act ("PRA") in Count IV.

Count I sets out a lengthy set of facts alleging that the Federal Defendants violated the FACA and the regulations that implement it. DE 1 at 31 – 64. Count I goes into great detail about the responsibilities of the Presidential Advisory Commission and its affiliated Federal Defendants, but remains silent as to the Secretary. Count IV invokes the PRA and, again, the Secretary is not mentioned. Instead, the Plaintiffs state that:

> [F]or purposes of the PRA, "the term 'agency' means any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency …." 44 U.S.C. § 3502 (2017).

DE 1 at 54, ¶ 132.

Throughout their Complaint, Plaintiffs remain silent as to how the Secretary is implicated by any of the federal rules, statutes or regulations cited. In Count V, the only count in Complaint that attempts to list a cause of action against the Secretary, only state laws are cited, with no explanation as to why this Court should have jurisdiction to rule on a claim that is purely state related, against a state public official.

The Court should dismiss the case for the failure of Plaintiffs to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

### III.   CONCLUSION

WHEREFORE, the Florida Secretary of State prays that the Court dismiss the complaint for lack of jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

[*Signature line on next page.*]

Respectfully submitted,

*/s/ David A. Fugett*

DAVID A. FUGETT (FBN 835935)
*General Counsel*
david.fugett@dos.myflorida.com
W. JORDAN JONES (FBN 87766)
*Assistant General Counsel*
jordan.jones@dos.myflorida.com
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building, Suite 100
500 South Bronough Street
Tallahassee, Florida 32399-0250
Phone: (850) 245-6536
Fax: (850) 245-6127
*Counsel for the Florida Secretary of State*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to S.D. Fla. Loc. R. 5.1, each party on whom this motion is to be served is represented by an attorney who will be served through this Court's CM/ECF system upon filing on this 14th day of August, 2017.

*/s/ David A. Fugett*