**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 17-22568-CIV-COOKE/GOODMAN**

ARTHENIA JOYNER; MIKE SUAREZ;
JOSHUA A. SIMMONS; BRENDA SHAPIRO;
LUIS MEURICE; THE AMERICAN CIVIL
LIBERTIES UNION OF FLORIDA, INC.;
FLORIDA IMMIGRANT COALITION, INC.,

       Plaintiffs,

versus

PRESIDENTIAL ADVISORY COMMISSION
ON ELECTION INTEGRITY; MICHAEL
PENCE, in his official capacity as Chair of the
Presidential Advisory Commission on Election
Integrity; KRIS KOBACH, in his official
capacity as Vice Chair of the Presidential
Advisory Commission on Election Integrity;
EXECUTIVE OFFICE OF THE PRESIDENT
OF THE UNITED STATES; EXECUTIVE
OFFICE OF THE VICE PRESIDENT OF
THE UNITED STATES; TIM HORNE, in his
official capacity as Administrator of the General
Services Administration; MICK MULVANEY,
in his official capacity as Director, Office of
Management and Budget; KEN DETZNER, in
his official capacity as Florida Secretary of State,

       Defendants.

_____/

**PLAINTIFFS' RESPONSE TO FLORIDA SECRETARY OF STATE'S**
**MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF LAW**

       Plaintiffs—Arthenia Joyner, Mike Suarez, Joshua A. Simmons, Brenda Shapiro, Luis

Meurice, the American Civil Liberties Union of Florida, Inc., and Florida Immigration Coalition,

Inc.—file this response to Florida Secretary of State's Motion To Dismiss and Supporting

Memorandum of Law [ECF No. 38] and state the following in support.

## I. INTRODUCTION

In his motion to dismiss, Defendant Ken Detzner, who is the Florida Secretary of State, requests that this Court dismiss Plaintiffs' claim against him because the Court lacks subject-matter jurisdiction. But this Court has subject-matter jurisdiction.

First, Detzner argues that, because he already complied with the Presidential Advisory Commission on Election Integrity's request for documents, Plaintiffs lack standing. But this argument misconstrues standing, which exists (or does not exist) at the time a complaint is filed. Detzner's actions after the filing of the Complaint have no effect on standing. Second, Detzner contends that Plaintiffs' claim against him is moot. Although Detzner's actions after Plaintiffs filed the Complaint can, in fact, moot the claim, Detzner must present evidence about mootness, which Detzner simply does not do. Third, Detzner maintains that, for this Court to have jurisdiction, Plaintiffs must allege a federal claim against him. This contention ignores supplemental jurisdiction, which provides this Court the power to preside over Plaintiffs' state-law claim against Detzner.

Finally, Detzner seeks dismissal under Rule 12(b)(6), contending that Plaintiffs do not state a cause of action against him, but Detzner's motion fails to even explain how Count V (the only claim against Detzner) is legally defective. Because Detzner does not properly raise an argument on this issue, this Court should deny his motion to dismiss.

## II. FACTUAL BACKGROUND

This action was brought on behalf of Florida voters and organizations involved and interested in the fair conduct of elections in Florida, and it challenges the legality of the actions of the Presidential Advisory Commission on Election Integrity and the legality of its directive requesting voter registration information of state-registered voters in Florida. In the Complaint,

Plaintiffs sue the Presidential Advisory Commission, the Executive Office of the President of the United States, the Executive Office of the Vice President of the United States, Tim Horne, Michael Pence, Kris Kobach, and Mick Mulvaney[1] (the "Federal Defendants") for violating a slew of federal laws. Plaintiffs also sue Ken Detzner, the Florida Secretary of State, in his official capacity, alleging that he would violate Florida law if he complied with the Federal Defendants' request for voter registration information.

The Complaint alleges that President Donald Trump has repeatedly and baselessly spoken about voter fraud in the 2016 election when there was no fraud. [Compl., ECF No. 1 ¶¶ 30–35] President Trump created the Presidential Advisory Commission in May of 2017 to study the voting processes used in federal elections. [ECF No. 1 ¶¶ 36–37] On June 28, 2017, Kobach, on behalf of the Presidential Advisory Commission, "initiated a process to collect detailed voter information, including personal identifying information, from all 50 States and the District of Columbia." [ECF No. 1 ¶ 38] Kobach sent a letter to Detzner, the Florida Secretary of State, which included a request for voter identifying information, including the names, addresses, dates of birth, political party affiliation, last four digits of social security numbers, voting history, and conviction information of all registered voters. [ECF No. 1 ¶ 44] According to the Presidential Advisory Commission, it will make the data provided by Detzner public. [ECF No. 1 ¶ 46]

Florida law, however, does not allow Detzner to disclose this information. "Florida law makes certain voter information confidential and exempt from disclosure under any circumstances." [ECF No. 1 ¶ 41] This confidential information includes, among other things, social security numbers and driver's license numbers. [ECF No. 1 ¶ 41] There is a real concern that this information, widely disseminated, could lead to identity theft, an issue in which Florida

---

[1] Tim Horne, Michael Pence, Kris Kobach, and Mick Mulvaney are sued in their official capacities.

leads the country in complaints. [ECF No. 1 ¶ 51] Indeed, while Florida officials zealously guard voter information from possible data breaches, the Federal Defendants apparently sought to store this voter data in a non-secure federal database. [ECF No. 1 ¶¶ 53–55] The "URL . . . provided by the Presidential Advisory Commission for the transmission of voter registration data and information," for instance, "is a non-secure site, subjecting voters to having personal identifying information made available on the Internet and thus making them potential victims of identity theft." [ECF No. 1 ¶ 49]

On July 6, 2017, Detzner announced that Florida would comply with the Presidential Advisory Commission's request, though at the time Plaintiffs filed the Complaint it was unknown how exactly Detzner would comply. [ECF No. 1 ¶ 61] The Complaint alleges that Plaintiffs had a right to privacy under the Florida Constitution, a right to have their confidential information kept private under Florida Statutes section 97.0585, and a right to have their information securely kept. [ECF No. 1 ¶ 145] It alleged that the Federal Defendants' request for voter information included information deemed confidential. [ECF No. 1 ¶ 146] It alleged that Detzner would comply with the Federal Defendants' request, though it was unclear to what extent Detzner would comply. [ECF No. 1 ¶¶ 148–49] It alleged that the Federal Defendant's request was contrary to Florida law and it alleged that Detzner's actions injured Plaintiffs. [ECF No. 1 ¶ 151] As a result, in Count V, the Complaint seeks an injunction preventing Detzner from going forward and providing the Presidential Advisory Commission with voters' private information.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a defendant can make a factual or facial attack on subject-matter jurisdiction. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990) (per curiam). "Facial attacks on the complaint 'require[ ] the court merely to look and see if

[the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purpose of the motion.'" *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (alterations in original). "'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Id.*

When considering a motion to dismiss under Rule 12(b)(6), a court must accept the allegations in the complaint "as true and construed in the light most favorable to the plaintiff." *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 694 (11th Cir. 2016). To prevail, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## IV. LEGAL ARGUMENT

In his motion to dismiss, Defendant Ken Detzner seeks dismissal under Federal Rule of Civil Procedure 12(b)(1) (because this Court lacks subject-matter jurisdiction) and 12(b)(6) (because the Complaint supposedly does not allege a cause of action). The arguments made in the motion to dismiss, however, are legally deficient. First, this Court squarely has subject-matter jurisdiction. To muddle this Court's jurisdiction, the motion to dismiss confuses standing with mootness, misconstrues the proper burden at this stage, and ignores supplemental jurisdiction. Second, the Complaint alleges that Detzner may violate certain Florida Statutes and seeks an injunction. Nowhere, however, does the motion to dismiss argue that these allegations fail to state a cause of action. For these reasons, this Court should deny Detzner's motion to dismiss.

**A. The Motion Muddles Standing and Mootness.**

At its core, Detzner's motion to dismiss contends that this Court lacks subject-matter jurisdiction because there is no case or controversy. Specifically, the motion argues that there is no case or controversy because (1) there is no dispute between Detzner and Plaintiffs, (2) Detzner mooted the issue by providing documents to the federal government, and (3) the Court cannot remedy Plaintiffs' ills. But to reach these conclusions the motion to dismiss muddles the concepts of standing and mootness, and it ignores the timeframes in which those different concepts apply.

"Under Article III of the United States Constitution, the subject matter jurisdiction of federal courts extends only to 'cases or controversies.'" *Bowen v. First Family Fin. Servs., Inc.*, 233 F.3d 1331, 1339 (11th Cir. 2000). For a federal court to have jurisdiction over a case, the case must be justiciable, which is a term of art "employed to give expression to [the] limitation placed upon federal courts by the case-and-controversy doctrine." *Levy v. Miami-Dade Cty.*, 358 F.3d 1303, 1305 (11th Cir. 2004) (per curiam) (alteration in original). "Generally, justiciability encompasses a range of doctrines such as standing, mootness, ripeness, political question, and the prohibition against advisory opinions." *Id.* (citations omitted). Critically, "mootness and standing 'are distinct doctrines that must not be confused.'" *Strickland v. Alexander*, 772 F.3d 876, 887 (11th Cir. 2014) (quoting *Sheely v. MRI Radiology Network, PA*, 505 F.3d 1173, 1189 n.16 (11th Cir. 2007)).

"Standing" has three requirements. "First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual and imminent,' not 'conjectural' or 'hypothetical.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations & footnotes omitted). When a complaint seeks prospective relief— say, an injunction to stop a defendant's future actions—courts must make sure that a plaintiff

"allege[s] facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999); *see also Strickland*, 772 F.3d at 883 ("Where the plaintiff seeks declaratory or injunctive relief, as opposed to damages for injuries already suffered, for example, the injury-in-fact requirement insists that a plaintiff 'allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future.'").

For standing, courts "look to the state of affairs as of the filing of the complaint" because "a justiciable controversy must have existed at that time." *Atl. Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995). Put differently, standing is measured at the filing of the original pleading. *See Wheaton Coll. v. Sebelius*, 703 F.3d 551, 552 (D.C. Cir. 2012) (per curiam) ("[S]tanding is assessed at the time of the filing . . . ."); *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1225 (10th Cir. 2011) ("[B]ecause ERISA standing is a matter of our subject-matter jurisdiction, examining it as of the time of filing of the complaint is consonant with our treatment of other subject-matter jurisdictional requirements."); *NAACP v. City of Parma*, 263 F.3d 513, 524 (6th Cir. 2001) ("[S]tanding does not have to be maintained throughout all stages of litigation. Instead, it is to be determined as of the time the complaint is filed.").

By contrast, by definition, mootness is viewed after a complaint is filed. "[T]he doctrine of mootness can be described as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" *Friends of Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). Thus, Detzner's actions after Plaintiffs filed the Complaint do not affect standing, though they may raise mootness issues.

### 1.  The Complaint alleges standing, including redressability.

As mentioned above, this Court must measure standing at the time Plaintiffs filed the Complaint. *See Atl. Gas Light*, 68 F.3d at 414; *Wheaton Coll.*, 703 F.3d at 552; *Hansen*, 641 F.3d at 1225; *NAACP*, 263 F.3d at 524. When Plaintiffs filed the Complaint, they fully alleged standing.

The Complaint alleges an injury fairly traceable to Detzner's actions. After all, the Complaint alleges that the Presidential Advisory Commission requested information protected by Florida's privacy laws, that Detzner wanted to provide that information, that any transmittal would be unsecure, and that Plaintiffs would be harmed by disclosure of their private data through unsecure means. That constitutes an injury that is fairly traceable to Detzner's action. What's more, because the Complaint alleges that Detzner himself agreed to transmit the data in the future, there can be no doubt that Plaintiffs alleged a "substantial likelihood" of "injury in the future." *Malowney*, 193 F.3d at 1346. At this stage, these allegations suffice, because, at "the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice." *Lujan*, 504 U.S. at 561. Finally, redressability is no concern here. If a defendant's actions will cause a concrete injury upon a plaintiff, "then that injury can be redressed by an injunction prohibiting" the actions. *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1274 (11th Cir. 2003).

In his motion, Detzner disputes the conclusion that Plaintiffs have standing. He argues that courts "have routinely found that no controversy exists, and jurisdiction is lacking, when a governmental entity provides assurances that challenged conduct will not occur." [ECF No. 38 at 10] And he argues that this Court cannot redress Plaintiffs' harm because, after Plaintiffs filed the Complaint, he released the information anyway. [ECF No. 38 at 15] But these arguments confuse

standing with mootness. A defendant's actions *after* a plaintiff files a complaint cannot alter standing.

The opinions that Detzner cites—*Florida Wildlife Federation, Inc. v. South Florida Water Management District*, 647 F.3d 1296 (11th Cir. 2011); *Troiano v. Supervisor of Elections in Palm Beach County*, 382 F.3d 1276 (11th Cir. 2004); and *Jews for Jesus, Inc. v. Hillsborough County Aviation Authority*, 162 F.3d 627 (11th Cir. 1998)—illustrate this point, since they deal with mootness, not standing.

### 2. Detzner offers no evidence to support mootness.

As shown above, the standing argument fails because what the motion to dismiss really seeks is dismissal based on mootness. In that vein, Detzner maintains that Plaintiffs' claim against him is moot. That is not so.

According to the motion to dismiss, Detzner, "in compliance with this Court's Order of July 20, 2017, the July 24, 2017 order in the EPIC case, and Florida law, has provided the Commission with certain public records responsive to the Commission's public records request." [ECF No. 38 at 11–12] To be sure, a case may be moot where a governmental official ceases the injurious activity and there "is no reasonable expectation that the voluntarily ceased activity will, in fact, actually recur after the termination of the suit." *Troiano*, 382 F.3d at 1283. But to meet this burden, a defendant must introduce *evidence*, and Detzner fails to meet this burden.

"[T]he burden of proving mootness generally falls heavily on the party asserting it"—here, Detzner. *Flanigan's Enters., Inc. of Ga. v. City of Sandy Springs*, No. 14-15499, 2017 WL 3613921, at *4 (11th Cir. Aug. 23, 2017) (en banc). A defendant has an easy burden to meet when it repeals a challenged law. *See Coral Springs Street Sys., Inc. v. City of Sunrise*, 371 F.3d 1320, 1328–29 (11th Cir. 2004). But, here, as to Defendant Detzner, Plaintiffs do not challenge a law;

they challenge Detzner's actions. Thus, before invoking mootness, Detzner must provide evidence that his actions followed the Florida Constitution and Florida Statutes section 97.0585.

Detzner wholly fails to do this. In his motion, Detzner states that he handed the information to the Presidential Advisory Commission, that he complied with Florida law, and that there is no expectation this will happen again. There is no affidavit by Defendant Detzner—or anyone else— explaining what data Defendant Detzner provided, how he complied with Florida law, or why this will never happen again. All Detzner provides is an unauthenticated letter in which the Presidential Advisory Commission supposedly requests the data again. This is not enough, and each of the opinions cited by Detzner underscore that the courts reach a determination based on *evidence*, not diktat. *See, e.g.*, *Troiano*, 382 F.3d at 1286 ("[T]he overwhelming *evidence* before us today (and the findings of the court below) make plain that no such mishaps are likely to recur in the future." (emphasis added)); *Jews for Jesus*, 162 F.3d at 629 ("[T]he *evidence* suggests that it has been consistently applied for the past three years." (emphasis added)).

Because Detzner does not meet the burden that heavily falls on him, this Court cannot grant the motion to dismiss on mootness grounds.

**B. Detzner's Argument Ignores Supplemental Jurisdiction.**

In a seemingly related argument, Detzner contends that this Court lacks subject-matter jurisdiction because the Complaint "fails to plead a federal question sufficient to invoke the Court's jurisdiction as to the Secretary." [ECF No. 38 at 12] This contention ignores supplemental jurisdiction.

Under federal law, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same

case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). For claims to constitute the same case or controversy, the claims must "involve the same occurrences," *Palmer v. Hosp. Auth. Of Randolph Cty.*, 22 F.3d 1559, 1566 (11th Cir. 1994), or "arise from the same facts, [and] involve similar occurrences, witnesses or evidence," *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1310 (11th Cir. 2016) (alteration in original). "Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a).

Supplemental jurisdiction applies to Plaintiffs' claim against Detzner. Against the other defendants, Plaintiffs raise numerous claims under the U.S. Constitution and federal statutes. And 28 U.S.C. § 1331 grants this court "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," so this Court has original jurisdiction over Plaintiffs' claims against the Federal Defendants. Plus, Plaintiffs' claim against Detzner arises from the same occurrences as its claims against the Federal Defendants, namely, the Federal Defendants' request that Detzner provide them with Plaintiffs' private information. The claims against Detzner, therefore, form part of the same case or controversy.

Detzner wholly ignores this facet of jurisdiction, though his motion to dismiss implies that pendent-party jurisdiction differs from other supplemental jurisdictions—that is, that this analysis changes because there is no overlap in claims between Detzner and the Federal Defendants. But this is not so.

Section 1367's "language is broad enough to encompass pendent claim, pendent party, and ancillary jurisdiction." *PTA-FLA*, 844 F.3d at 1309. In fact, Congress enacted § 1367 as a response to *Finley v. United States*, in which the Supreme Court rejected the use of supplemental jurisdiction in a case analogous to the one here (that is, a plaintiff sued state actors under state law and a federal

actor under federal law). 490 U.S. 545, 556 (1989). The next year, Congress passed § 1367, and "all courts to consider the question agree that § 1367 overturned the result in *Finley*." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005); *see also id.* at 567 ("This Report explained that § 1367 would authorize jurisdiction in a case like *Finley* . . . ." (internal quotation marks omitted)). Under the plain language of § 1367, Supreme Court precedent, and Eleventh Circuit precedent, supplemental jurisdiction applies to situations like this one, where a plaintiff brings related claims against federal agents under federal law and against state actors under state law. Thus, this Court should deny Detzner's motion to dismiss.

**C. Detzner Does Not Challenge the Substance of Plaintiffs' Claim Against Him.**

In his last argument, Defendant Detzner asserts that "the Court should dismiss this matter because Plaintiffs have failed to state a claim upon which relief can be granted." [ECF No. 38 at 16] The crux of Detzner's argument here is the same as the crux of Detzner's supplemental-jurisdiction argument: "In Count V, the only count in the Complaint that attempts to list a cause of action against the Secretary, only state laws are cited, with no explanation as to why this Court should have jurisdiction to rule on a claim that is purely state related, against a state public official." [ECF No. 38 at 17] But as explained above this Court has supplemental jurisdiction under federal law to consider the issue.

Detzner, moreover, fails to explain or argue why this Court should dismiss Count V (which is the only claim alleged against Defendant Detzner). This failure requires denial of the motion to dismiss, because Detzner's burden is to show that the Complaint legally fails to state a cause of action. Southern District of Florida Local Rule 7.1 explicitly requires that parties cite supporting authorities, and so courts require that the party seeking dismissal "support its arguments for dismissal with citations to legal authority." *See Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224,

1228 (S.D. Fla. 2014); *Watson v. K2 Design Grp., Inc.*, No. 15-cv-61020, 2016 WL 3943963, at

*2 (S.D. Fla. May 3, 2016). Yet, in arguing dismissal under Rule 12(b)(6), Detzner cites no caselaw

and does not even cite the Florida law that the Complaint, in Count V, alleges Detzner violated.

This Court should deny Detzner's request that Count V be dismissed.

## V. Conclusion

For these reasons, this Court should deny Florida Secretary of State's Motion To Dismiss

and Supporting Memorandum of Law.


Dated: September 18, 2017                    Respectfully Submitted,

                                             */s/Gerald E. Greenberg*
                                             GERALD E. GREENBERG
                                             Florida Bar No. 440094
                                             ggreenberg@gsgpa.com
                                             ADAM M. SCHACHTER
                                             Florida Bar No. 647101
                                             aschachter@gsgpa.com
                                             FREDDY FUNES
                                             Florida Bar No. 87932
                                             ffunes@gsgpa.com
                                             JARRED L. REILING
                                             Florida Bar No. 93930
                                             jreiling@gsgpa.com
                                             GELBER SCHACHTER & GREENBERG, P.A.
                                             1221 Brickell Avenue, Suite 2010
                                             Miami, Florida 33131
                                             Telephone: (305) 728-0950
                                             Facsimile:  (305) 728-0951
                                             E-service: efilings@gsgpa.com

                                             *Attorneys for Plaintiff The American Civil Liberties
                                             Union of Florida, Inc.*

Howard K. Pita
spita@pwdlawfirm.com
Pita Weber Del Prado
9350 S. Dixie Hwy., Suite 1200
Miami, FL 33156
Tel: 305-670-2889
Fax: 305-670-6666

*Attorneys for Plaintiffs Arthenia Joyner; Mike Suarez, Joshua A. Simmons, Brenda Shapiro, Luis Meurice, The American Civil Liberties Union of Florida, Inc. and Florida Immigrant Coalition, Inc.*


Benedict P. Kuehne
ben.kuehne@kuehnelaw.com
Michael T. Davis
mdavis@kuehnelaw.com
Kuehne Davis Law, P.A.
100 SE 2 Street, Suite 3550
Miami, FL 33131-154
Tel: 305-789-5989
Fax: 305-789-5987
efiling@kuehnelaw.com

*Attorneys for Plaintiffs Arthenia Joyner; Mike Suarez, Joshua A. Simmons, Brenda Shapiro, Luis Meurice, The American Civil Liberties Union of Florida, Inc. and Florida Immigrant Coalition, Inc.*


Richard J. Burton
rb@theburtonfirm.com
Marc A. Burton
mburton@theburtonfirm.com
Daniel J. Poterek
dpoterek@theburtonfirm.com
The Burton Firm, P.A.
2999 N.E. 191 Street, Suite 805
Miami, Florida 33180
Tel: 305-705-0888
Fax: 305-705-0008
pleadings@theburtonfirm.com

14

*Attorneys for Plaintiffs Arthenia Joyner; Mike Suarez, Joshua A. Simmons, Brenda Shapiro, Luis Meurice, The American Civil Liberties Union of Florida, Inc. and Florida Immigrant Coalition, Inc.*

Larry S. Davis
larry@larrysdavislaw.com
Shana J. Korda
shana@larrysdavislaw.com
Law Office of Larry S. Davis, P.A.
1926 Harrison Street
Hollywood, FL 33020
Tel: 954-927-4249
Fax: 954-927-1653
courtdocs@larrysdavislaw.com

*Attorneys for Plaintiffs Arthenia Joyner; Mike Suarez, Joshua A. Simmons, Brenda Shapiro, Luis Meurice, The American Civil Liberties Union of Florida, Inc. and Florida Immigrant Coalition, Inc.*

Jason B. Blank
jblank@haberblank.com
Haber Blank, LLP
888 S. Andrews Ave., Suite 201
Fort Lauderdale, Florida 33316
Tel: 954-767-0300
Fax: 954-949-0510
eservice@haberblank.com

*Attorneys for Plaintiffs Arthenia Joyner; Mike Suarez, Joshua A. Simmons, Brenda Shapiro, Luis Meurice, The American Civil Liberties Union of Florida, Inc. and Florida Immigrant Coalition, Inc.*

Joseph S. Geller
joseph.geller@gmlaw.com
Greenspoon Marder, P.A.
200 E. Broward Blvd., Suite 1500
Fort Lauderdale, FL 33301-1874
Tel: 954-491-1120
Fax: 954-331-2037

*Attorneys for Plaintiffs Arthenia Joyner; Mike Suarez, Joshua A. Simmons, Brenda Shapiro, Luis Meurice, The American Civil Liberties Union of Florida, Inc. and Florida Immigrant Coalition, Inc.*

Nancy G. Abudu
nabudu@aclufl.org
American Civil Liberties Union of Florida
4343 W. Flagler St., Suite 400
Miami, FL 33134
Tel: 786-363-2707
Fax: 786-363-1108

*Attorney for Plaintiff The American Civil Liberties Union of Florida, Inc.*

16

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of September 2017 a true and correct copy of the foregoing is being electronically filed with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record or pro se parties listed below, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

Howard K. Pita
spita@pwdlawfirm.com
Pita Weber Del Prado
9350 S. Dixie Hwy., Suite 1200
Miami, FL 33156
Tel: 305-670-2889

*Attorneys for Plaintiffs Arthenia Joyner; Mike Suarez, Joshua A. Simmons, Brenda Shapiro, Luis Meurice, The American Civil Liberties Union of Florida, Inc. and Florida Immigrant Coalition, Inc.*

Benedict P. Kuehne
ben.kuehne@kuehnelaw.com
Michael T. Davis
mdavis@kuehnelaw.com
Kuehne Davis Law, P.A.
100 SE 2 Street, Suite 3550
Miami, FL 33131-154
Tel: 305-789-5989
efiling@kuehnelaw.com

*Attorneys for Plaintiffs Arthenia Joyner; Mike Suarez, Joshua A. Simmons, Brenda Shapiro, Luis Meurice, The American Civil Liberties Union of Florida, Inc. and Florida Immigrant Coalition, Inc.*

Jason B. Blank
jblank@haberblank.com
Haber Blank, LLP
888 S. Andrews Ave., Suite 201
Fort Lauderdale, Florida 33316
Tel: 954-767-0300
eservice@haberblank.com

*Attorneys for Plaintiffs Arthenia Joyner; Mike Suarez, Joshua A. Simmons, Brenda Shapiro, Luis Meurice, The American Civil Liberties Union of Florida, Inc. and Florida Immigrant Coalition, Inc.*

Joseph S. Geller
joseph.geller@gmlaw.com
Greenspoon Marder, P.A.
200 E. Broward Blvd., Suite 1500
Fort Lauderdale, FL 33301-1874
Tel: 954-491-1120

*Attorneys for Plaintiffs Arthenia Joyner; Mike Suarez, Joshua A. Simmons, Brenda Shapiro, Luis Meurice, The American Civil Liberties Union of Florida, Inc. and Florida Immigrant Coalition, Inc.*

Richard J. Burton
rb@theburtonfirm.com
Marc A. Burton
mburton@theburtonfirm.com
Daniel J. Poterek
dpoterek@theburtonfirm.com
The Burton Firm, P.A.
2999 N.E. 191 Street, Suite 805
Miami, Florida 33180
Tel: 305-705-0888
pleadings@theburtonfirm.com

*Attorneys for Plaintiffs Arthenia Joyner; Mike
Suarez, Joshua A. Simmons, Brenda Shapiro,
Luis Meurice, The American Civil Liberties
Union of Florida, Inc. and Florida Immigrant
Coalition, Inc.*

Larry S. Davis
larry@larrysdavislaw.com
Shana J. Korda
shana@larrysdavislaw.com
Law Office of Larry S. Davis, P.A.
1926 Harrison Street
Hollywood, FL 33020
Tel: 954-927-4249
courtdocs@larrysdavislaw.com

*Attorneys for Plaintiffs Arthenia Joyner; Mike
Suarez, Joshua A. Simmons, Brenda Shapiro,
Luis Meurice, The American Civil Liberties
Union of Florida, Inc. and Florida Immigrant
Coalition, Inc.*

Nancy G. Abudu
nabudu@aclufl.org
American Civil Liberties Union of Florida
4343 W. Flagler St., Suite 400
Miami, FL 33134
Tel: 786-363-2707

*Attorney for Plaintiff The American Civil
Liberties Union of Florida, Inc.*

Joseph E. Borson
Joseph.Borson@usdoj.gov
Carol Federighi
carol.federighi@usdoj.gov
Elizabeth J. Shapiro
elizabeth.shapiro@usdoj.gov
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Tel: (202) 514-1944

*Attorneys for Defendants Presidential Advisory
Commission on Election Integrity, Michael
Pence, Kris Kobach, Executive Office of the
President of the United States; Executive Office
of the Vice President of the United States, Tim
Horne and Mick Mulvaney*

David A. Fugett
david.fugett@dos.myflorida.com
W. Jordan Jones
Jordan.jones@dos.myflorida.com
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building, Suite 100
500 South Bronough Street
Tallahassee, Florida 32399-0250
Phone: (850) 245-6536

*Attorneys for Defendant Ken Detzner as
Florida Secretary of State*

*/s/Gerald E. Greenberg*
GERALD E. GREENBERG