UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ARTHENIA JOYNER, *et al.*, )<br>)<br>)<br>Plaintiff, )<br>v. )<br>)<br>)<br>PRESIDENTIAL ADVISORY )<br>COMMISSION ON ELECTION )<br>INTEGRITY, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 17-22568 |

**FEDERAL DEFENDANTS' APPEAL OF MAGISTRATE JUDGE'S JANUARY 12, 2018
ENDORSED ORDER**

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Magistrate Rule 4(a)(1), the federal defendants respectfully appeal the Magistrate Judge's January 12, 2018, Endorsed Order (ECF No. 80) denying their motion to amend its January 8, 2018, Order (ECF No. 71).

Federal defendants had moved to vacate the requirement that they submit "an updated declaration from Kris Kobach" with their memorandum in opposition to plaintiffs' emergency motion for a temporary restraining order and preliminary injunction (ECF No. 69). Mr. Kobach was named as a defendant only in his official capacity as Vice Chair of the now-dissolved Presidential Advisory Commission on Election Integrity (the "Commission"). *See* Am. Comp. ¶ 25, ECF No. 65. Upon the dissolution of the Commission, Mr. Kobach no longer has an official capacity, and thus can no longer speak on behalf of the now-terminated Commission. Furthermore, because he is no longer Vice Chair of the Commission (which no longer exists), he is no longer a proper defendant in this case, and is not represented by the undersigned counsel,

who cannot require him to submit a declaration.  Federal defendants respectfully request that the Magistrate Judge's January 12, 2018, Order be reversed and the requirement that the federal defendants attach an updated declaration of Mr. Kobach be vacated.

In support of this motion, federal defendants state the following:

1. Plaintiffs filed this lawsuit on July 10, 2017, naming as defendants, *inter alia*, the Presidential Advisory Commission on Election Integrity ("Commission") and Kris Kobach, in his official capacity as Vice Chair of the Commission.  *See* Compl., ECF No. 1.

2. On January 3, 2018, the President signed Executive Order No.13,820 terminating the Commission.  *See* Exec. Order No. 13,820, 83 Fed. Reg. 969 (Jan. 3, 2018); *see also* Notice, ECF No. 68.  The dissolution of the Commission terminated the positions of all Commissioners, including Mr. Kobach's position as Vice Chair.  As a result, Mr. Kobach is no longer a party in this lawsuit.  *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (an official capacity suit is a way of pleading an action against a government entity; "[it] is *not* a suit against the official personally, for the real party in interest is the entity."); *see also Scott v. Taylor*, 405 F.3d 1251, 1255 (11th Cir. 2005) (discussing *Kentucky v. Graham*); *Adams v. Office of Atty. Gen., Ala.,* No. 2:11-CV-621-WKW, 2012 WL 1067978, at *3 (M.D. Ala. Mar. 29, 2012) ("to allow an official capacity claim against former officials would be 'to allow them to be sued as representatives of an entity that they . . . no longer represent.'") (quoting *Williams v. Goldsmith*, 4 F. Supp. 2d 1112, 1122 (M.D. Ala. 1998)); *Wakat v. Montgomery Country,* 471 F.Supp.2d 759, 767 (S.D. Tex. 2007) ("Since the plaintiffs specifically named Williams as a defendant in his official capacity, he ceased to be a defendant the moment he ceased to be sheriff."); *Hoffpauir v. Columbia Cas. Co.,* No. CIV. A. 12-403-JJB, 2013 WL 5934699, at *8 (M.D. La. Nov. 5, 2013) (same).  *Langer v. United States*, No. 14-cv-02563-JCS, 2014 WL 4954667, at *3 (N.D. Cal.

2

Oct. 2, 2014) ("[I]nherent in the state of being a *former* official is that one no longer has an official capacity."); *Wishom v. Hill*, 2004 WL 303571, at *8 (D. Kan. Feb. 13, 2004) ("Suit against a person in his former official capacity, however, has no meaning.") (citing *Mathie v. Fries*, 121 F.3d 808, 818 (2d Cir. 1997). Undersigned counsel, therefore, do not currently represent Mr. Kobach and are not in a position to compel him to comply with the Court's order requiring he provide an updated declaration.

3. Even if Mr. Kobach were to provide the Court with an updated declaration, his declaration would not assist the Court in resolving plaintiffs' motion. "Statements . . . made after leaving government service . . . do not constitute official statements and, therefore, cannot be treated as an official acknowledgement" of a fact. *James Madison Project v. Dep't of Justice*, No. 17-cv-00144 (APM), --- F. Supp. 3d ---, 2018 WL 294530, at *10 (D.D.C. Jan. 4, 2018); *see also Hudson River Sloop Clearwater, Inc. v. Dep't of the Navy*, 891 F.2d 414, 421 (2d Cir. 1989) ("Admiral Carroll's statements [in an affidavit] cannot effect an official disclosure of information since he is no longer an active naval officer."); *Phillipi v. CIA*, 655 F.2d 1325, 1331 (D.C. Cir. 1981) (book written by former CIA director did not constitute an official disclosure.)

4. Additionally, an updated declaration from Mr. Kobach is unnecessary because the government intends to file with its memorandum, as directed by the Magistrate Judge, an updated declaration of Charles Herndon, the Director of White House Information Technology ("DWHIT"). This declaration will be substantially similar to one recently filed in the District Court for the District of Columbia. *See* Second Herndon Declaration, *Dunlap v. Presidential Advisory Comm'n on Election Integrity,* No. 17-cv-2361 (CKK), ECF No. 39-2 (D.D.C. Jan. 9, 2018) (attached as Exhibit A). The forthcoming declaration will fully resolve the concerns plaintiffs raise in their emergency motion about the disposition of the state voter data that the

State of Florida sent to the Commission, as Mr. Herndon in his position as DWHIT is now responsible for storing, in a secure manner, the state voter data collected by the Commission. Specifically, Mr. Herndon explains that "[o]nly four members of [Mr. Herndon]'s staff have had and continue to have access to the data." *Id.* ¶ 3. "No Commission member was provided access to the state voter data prior to the Commission's termination and none has access now." *Id.* Thus, Mr. Kobach does not have the ability to transfer or utilize the state voter data the State of Florida provided to the Commission.

5. While the Magistrate Judge did not give any reasons for its decision, plaintiffs' objections are unavailing. *See* Pls.' Opp'n Fed. Defs' Mot. Amend Court's Jan. 8, 2018 Order ("Pls.' Opp'n"), ECF No. 78. They first claim that the Court retains its authority in FACA cases after a Commission's dissolution, citing *Cummock v. Gore*, 180 F.3d 282, 292 (D.C. Cir. 1999). This is true, but irrelevant; the issue is not whether a court retains its authority in FACA cases after a Commission's dissolution (it may, at least for document-disclosure related claims brought under section 10(b) of the Act, *see Cummock*, 180 F.3d at 292), but whether a former advisory committee member sued only in his or her official capacity remains a defendant in the case in his or her individual capacity. *Cummock* does not reach that question.

6. Plaintiffs next state that Mr. Kobach has not been dismissed. However, when an official capacity defendant no longer serves in that capacity, he or she are no longer a defendant in the case. *See*, *e.g.*, Fed. R. Civ. P. 25(d) (official capacity defendant is automatically substituted upon leaving position); *Wakat*, 471 F. Supp. 2d at 767 ("Since the plaintiffs specifically named Williams as a defendant in his official capacity, he ceased to be a defendant the moment he ceased to be sheriff.").

4

7. Plaintiffs further state that "[i]nternal DOJ representation rules have no bearing on this Court's jurisdiction." Pls.' Opp'n at 1. Those rules do, however, bear on the federal defendants' ability to comply with the Magistrate Judge's order. More fundamentally, because Mr. Kobach was only sued in his official capacity, this Court lacks jurisdiction over his person once he no longer holds that office.

8. Plaintiffs also argue that Mr. Kobach and other former commissioners remain custodians of Commission records. Pls.' Opp'n at 1. But, as stated above, and as will be stated again in conjunction with federal defendants' opposition to plaintiffs' motion for a temporary restraining order and preliminary injunction, "no Commission member was provided access to the state voter data prior to the Commission's termination and none has access now." Second Herndon Decl. ¶ 3. Accordingly, Mr. Kobach is not a custodian of the actual records at issue in plaintiffs' pending motion for a temporary restraining order and preliminary injunction – which concerns only the Florida state voter data.

9. Plaintiffs next broadly claim that the Court retains jurisdiction to maintain the status quo under Federal Rule of Civil Procedure 65. Pls.' Opp'n at 2. This is not a correct statement of the law – the Court only has jurisdiction over parties and those in privity with parties. *See, e.g.*, *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 13 (1945); *see also Nat'l Spiritual Assembly of Baha'is of U.S. Under Hereditary Guardianship, Inc. v. Nat'l Spiritual Assembly of Baha'is of U.S., Inc.*, 628 F.3d 837, 849, 854 (7th Cir. 2010) (privity looks to whether the nonparty is otherwise 'legally identified' with the enjoined party, and requires an "extremely close identification" between the non-party and an enjoined party). Plaintiffs close by stating that "Secretary Kobach remains the White House's agent and can be enjoined from disseminating tainted data in violation of FACA." Pls.' Opp'n at 2. But there is no evidence that

5

Mr. Kobach is the White House's "agent," and moreover, plaintiffs have not sought to enjoin him in his personal capacity. And, as discussed earlier, he no longer has an official capacity. In any event, whether Mr. Kobach would be subject to an injunction does not bear on whether he can now – before an injunction has been entered – be compelled to submit a declaration.

10. For these reasons, Mr. Kobach no longer serves in an official capacity. He thus cannot make any representations with respect to the current status of or future intentions with regard to the Florida state voter data, is no longer represented by the undersigned counsel, and is no longer a proper defendant in this case. Accordingly, a declaration from him would not assist the Court in resolving plaintiffs' motion for a temporary restraining order and preliminary injunction.

11. For the foregoing reasons, the Magistrate Judge erred when he denied the federal defendants' Motion to Amend the January 8, 2018, Order. Federal defendants respectfully request that this Court reverse the Magistrate Judge's January 12, 2018, Order, and vacate the requirement that the federal defendants submit an updated declaration from Kris Kobach.

Dated: January 12, 2018

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director

*s/ Kristina A. Wolfe*
CAROL FEDERIGHI
KRISTINA A. WOLFE (FL Bar # A5502351)
JOSEPH E. BORSON
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Tel: (202) 353-4519 / Fax: (202) 616-8460
E-mail: Kristina.Wolfe@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 12, 2018, the foregoing was electronically filed with the Court using the ECF System, which will provide electronic notice to all counsel of record.

            *s/ Kristina A. Wolfe*
            KRISTINA A. WOLFE