UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-22568-CIV-COOKE/GOODMAN

ARTHENIA JOYNER, et al.,
    Plaintiffs,

vs.

PRESIDENTIAL ADVISORY
COMMISSION ON ELECTION
INTEGRITY, et al.,
    Defendants.
_____/

### ORDER ON FEDERAL DEFENDANTS' APPEAL OF MAGISTRATE JUDGE'S ORDER

THIS MATTER is before me upon Federal Defendants'[1] Appeal of Magistrate Judge's January 18, 2018 Endorsed Order ("Appeal") (ECF No. 81). Federal Defendants appeal Magistrate Judge Jonathan Goodman's Order (ECF No. 80) denying Federal Defendants' Motion to Amend (ECF No. 76) Judge Goodman's January 8, 2018 Order. The January 8, 2018 Order (ECF No. 71) required Federal Defendants to submit an updated declaration from Kris Kobach. Federal Defendants moved to be relieved from the obligation to submit a declaration from Mr. Kobach, stating that, since the termination of the Presidential Advisory Commission on Election Integrity ("Commission"), Mr. Kobach no longer has an official capacity as Vice Chair of the Commission and is therefore no longer a Defendant in this lawsuit. In addition, his declaration would not assist the Court because his statement would not constitute an official statement and Federal Defendants' counsel are not in a position to compel his declaration because they no longer represent him. Federal Defendants propose that a declaration from Mr. Kobach is unnecessary because they intend to file an updated

---

[1] Federal Defendants are the Presidential Advisory Commission on Election Integrity ("Commission"), Michael Pence, in his official capacity as Chair of the Commission, Kris Kobach, in his official capacity as Vice Chair of the Commission, Executive Office of the President of the United States, Executive Office of the Vice President of the United States, Tim Horne, in his official capacity as Administrator of the General Services Administration, and Mick Mulvaney in his official capacity as Director, Office of Management and Budget.

declaration of Charles Herndon, the Director of White House Information Technology ("DWHIT"), which allegedly will resolve the concerns Plaintiffs' raised in their emergency motion.

Since the filing of Federal Defendants' Appeal, they have filed the updated declaration of Mr. Herndon (ECF No. 82-2), as well as a letter from Mr. Kobach (ECF No. 82-4). Having reviewed the declaration of Mr. Herndon and the letter from Mr. Kobach, I find that Plaintiffs' concerns about the intended use of information collected by the Commission are not fully addressed. Specifically, there is no mention of what other information, if any, was collected by the Commission and what plans the Commission made, if any, to maintain or dispose of the information upon the termination of the Commission. While Mr. Herndon can attest to who accessed the voter information stored on the White House system, he himself was not a member of the Commission who can state with authority and knowledge what additional information or records may have been collected or created, where they were kept, by whom they were accessed, and what plans were made to keep or dispose of them once the Commission ended. According to the email from Commission Officer Andrew Kossack to Commission members, the Commission members were instructed to preserve any records related to the Commission, which indicates there could possibly be additional records in the possession of individual Commission members.

As pointed out in Plaintiffs' Opposition to Federal Defendants' Motion to Amend (ECF No. 78), the fact the Commission has been terminated does not necessarily moot this case. "FACA rights are enforceable even after an advisory committee has been disbanded." *Cummock v. Gore*, 180 F.3d 282, 292 (D.C. Cir. 1999). In *Cummock*, the plaintiff, a member of the White House Commission on Aviation Safety and Security Commission ("Aviation Commission"), sued the Aviation Commission and two of its members, Vice President Al Gore, and the Secretary of Transportation. *Id.* at 287. It is worth noting that the court did not automatically dismiss the individual defendants. *See id.* While it may often be the case that "official capacity claims against [a defendant] in his former official capacity . . . must be dismissed as a matter of law," *Hoffpauir v. Columbia Cas. Co.*, 2013 WL 5934699, at *8 (M.D. La. Nov. 5, 2013), in such situations the Federal Rule of Civil Procedure 25(d) generally operates to automatically substitute the public officer's successor as a party. *Adams v. Office of*

2

*Atty. Gen., Ala.*, 2012 WL 1067978, at *3 (M.D. Ala. Mar. 29, 2012) (quoting Fed. R. Civ. P. 25(d)). In this instance, as in *Cummock*, there is no public successor, yet the case has not yet been shown to be moot. In light of statements made by Mr. Kobach after the termination of the Commission, additional information regarding the Commission and its activities is necessary to render an informed decision on Plaintiff's Emergency Motion (ECF No. 69). Federal Defendants should not be able to avoid making statements regarding the Commission simply because the Commission was terminated—and terminated specifically as a result of pending lawsuits.[2]

Accordingly, it is hereby **ORDERED and ADJUDGED** as follows:

1. Federal Defendants' Appeal of Judge Goodman's Order (ECF No. 79) is **GRANTED in part** and **DENIED in part**.

2. Federal Defendants shall submit a declaration from Kris Kobach, or another member of the Commission with knowledge of the Commission's activities and authority to speak on the Government's behalf, stating what information was collected or created by the Commission and/or its members on behalf of the Commission, where that information was and is being stored, by whom the information has been accessed, and what plans were made by the Commission to maintain or dispose of the information, including the voter information data held by the DWHIT, upon termination of the Commission.

**DONE and ORDERED** in chambers in Miami, Florida this day of 18th day of January 2018.

_____
MARCIA G. COOKE
United States District Judge

Copies provided to:
*Jonathan Goodman,* U.S. Magistrate Judge
*Counsel of Record*

---

[2] "Rather than engage in endless legal battles at taxpayer expense, today I signed an executive order to dissolve the Commission." Statement by the Press Secretary on the Presidential Advisory Commission on Election Integrity, ECF No. 69-14.