UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-22568-CIV-COOKE/GOODMAN

ARTHENIA JOYNER, et al.,
        Plaintiffs,

vs.

PRESIDENTIAL ADVISORY
COMMISSION ON ELECTION
INTEGRITY, et al.,
        Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

THIS MATTER is before me upon U.S. Magistrate Judge Jonathan Goodman's Report and Recommendations on Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 97). Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("Motion") (ECF No. 69) was referred to Judge Goodman pursuant to 28 U.S.C. § 636(b)(1)(A). *See* ECF No. 70.

Judge Goodman recommends that Plaintiffs' Motion be denied because Plaintiffs have not established a substantial threat of irreparable injury "based on their theory that former Commission members or the White House will disseminate or transfer voter data." Report, 29. Specifically, Judge Goodman found that the Commission has been terminated, no Commissioner was provided access to the voter data, no Commissioner currently has access to the voter data, and the White House intends to destroy all state voter data. *Id.* Based on the evidence presented, Judge Goodman determined Plaintiffs' concerns were incorrect or, at best, speculative. *Id.*

Plaintiffs filed timely Objections (ECF No. 101) to Judge Goodman's Report, objecting on four grounds: 1) the Report is based upon errors of fact, in that the Motion is about more than just voter data; 2) the Report fails to consider the "effects and repercussions" of the Federal Defendants' failure to comply with my January 18, 2018 Order (ECF No. 83) requiring a declaration from a Commission member; 3) the Report does not appropriately consider the substantial threat of irreparable harm to Plaintiffs; and 4) the Report

1

inappropriately relies on the Federal Defendants' factual update, including the unsworn letter from Secretary Kris Kobach.

The Federal Defendants filed a Response to Plaintiffs' Objections (ECF No. 102). Federal Defendants contest all of Plaintiffs' grounds for objection. As to Plaintiffs' first ground for objecting, Federal Defendants argue (with many citations to the Motion), that Judge Goodman correctly characterized Plaintiffs' Motion as seeking emergency relief based on the Commission's alleged actions with the state voter data. After reviewing the Motion and the parties' arguments, I agree with Judge Goodman's reading of Plaintiffs' Motion that the basis for emergency relief was the possible dissemination of Plaintiffs' collected voter data. Further, to the extent Plaintiffs motion did include reference to "other information" collected by the Commission, and to the extent the Commission possesses such other information, Plaintiffs have not indicated how they would be irreparably harmed by the dissemination of the information.

In response to Plaintiffs' third ground for objecting, Federal Defendants contend that Plaintiffs "have not even attempted to establish irreparable harm." Resp., 9. While Plaintiffs have indeed attempted to make a case for irreparable harm if their voter information is distributed, as Judge Goodman noted, what they have failed to establish is the likelihood of it occurring such that emergency injunctive relief is necessary. *TransUnion Risk & Alternative Data Sols., Inc. v. Challa*, 676 F. App'x 822, 825 (11th Cir. 2017) (stating that harm is not irreparable where it is speculative, and it is speculative when the defendant credibly claims he will not engage in the act sought to be enjoined). Tied in to Plaintiffs' fourth objection, Plaintiffs argue Judge Goodman discounted the harm to Plaintiffs by improperly relying on the factual updates and unsworn letter from Secretary Kobach, which stated that the voter data had not been viewed by anyone other than select White House staff and would not be viewed by anyone else prior to it being destroyed or sent to the National Archives. However, a closer review of Judge Goodman's report indicates that he did not rely on the unsworn letter of Secretary Kobach, but instead relied on the sworn declarations of Mr. Andrew Kossack, Associate Counsel in the Office of the Vice President, and Mr. Christopher Herndon, Director of White House Information Technology and Deputy Assistant to the President. *See generally* Report. Judge Goodman noted that Plaintiffs' provided "no reason to doubt the unequivocal representations, made under penalty of perjury, that no Commissioner (including Secretary Kobach) was ever provided with the voter data or ever had access to it." *Id.* at 28. In fact, Judge Goodman

specifically noted that "[t]o the extent that Secretary Kobach's representation is in a letter rather than a declaration, the other declarations establish and confirm that he never had access to the voter data." Once again, I find Judge Goodman's reasoning to be clear, cogent, and compelling.

Lastly, to Plaintiffs' objection with the Federal Defendants' response to my January 18, 2018 Order (ECF No. 83) requiring an updated declaration from a Commission member, I find that the declaration of Mr. Kossack substantially comports with my Order. While not a Commission member himself, Mr. Kossack was the Commission's Designated Federal Officer and Executive Director, a position that specifically required him to "chair or attend each meeting of [the Commission]," and authorized him, "whenever he determines it to be in the public interest, to adjourn any such meeting." Resp., 16 (quoting 5 U.S.C. app. 2 § 10(e)) Mr. Kossack also had knowledge of the Commission's activities, and authority to speak on the Government's behalf.

"In this Circuit, a preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion . . . ." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (internal citations and alterations omitted). I agree with Judge Goodman that Plaintiffs have not met their burden.

Accordingly, Judge Goodman's Report and Recommendation (ECF No. 28) is **AFFIRMED and ADOPTED** as Order of this Court. It is hereby **ORDERED and ADJUDGED** as follows:

1. Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 69) is **DENIED**.
2. Plaintiff's Objections (ECF No. 101) are **OVERRULED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 19th day of March 2018.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of record*